IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROY DEARING and LOUISE DEARING,

      Plaintiffs,

vs.                                                                           No. CIV 03-517 LCS/LAM

DUKE ENERGY FIELD SERVICES, LP,
A Delaware Limited Partnership

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiffs' claim of Intentional Infliction of Emotional Distress (Doc. 35), filed April 21, 2004. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Defendant's Motion for Partial Summary Judgment should be **GRANTED**.

    **I. Background**

This action arises out of Defendant Duke Energy Field Services' ("DEFS") installation of a natural gas compressor station approximately 500 feet from the home of Plaintiffs, Roy and Louise Dearing. In October of 2000, DEFS employee Kristin Koblis filed an "Application for Registration under Air Quality General Construction Permit for Level One Oil and Gas Installations (GCP-1)" for the new compressor station. (Def. Ex. B.3). In this application, the minimum distance from the Black River Compressor Station ("BRCS") to the nearest residence was listed as greater than 0.25 miles. (Id.) In fact, Plaintiffs' residence was located

approximately 500 feet from the BRCS.  (Def. Ex. 1.2.)

On or about March 21, 2001, the BRCS began operations.  (Def. Ex. F.1).  On April 5, 2001, DEFS employees met with the Plaintiffs to discuss their concerns.  (Def. Ex. E.1-E.2).  Initial sound readings were taken by DEFS at the compressor station and at the Dearing house.  (Id.)  Some dispute exists between the parties as to the accuracy of these initial readings.  Following this meeting, DEFS agreed to install a hospital grade muffler, to install a sound dampening device, to raise the exhaust system stack for noise disbursement and to install sound insulation on piping and control at the BRCS site.  (Id.)

Ms. Koblis first received information regarding the proximity of the Plaintiff's residence and relating complaints on April 10, 2001.  (Def. Ex. F.1).  Ms. Koblis stated she discounted the 500 foot proximity report because this distance had not been confirmed by DEFS operations personnel.  (Def. Ex. A.2-A.3).

On or about May 15, 2001, DEFS installed the hospital grade muffler, installed valve insulation and relocated the blowdown vent away from the compressor, in an effort to reduce noise emissions.  (Def. Ex. D.1-D.2).  DEFS employees again met with Plaintiffs on May 15, 2001.  (Id.)  At that time, DEFS agreed to install a 'hay wall' between Plaintiffs' home and the BRCS.  (Id.)  This 'hay wall' was subsequently installed by DEFS.  (Def. Ex. 1.3).  In early December 2001, DEFS installed a sound barrier wall at the BRCS.  (Def. Ex. C.1).

DEFS management claims to have become aware of the permitting error in August of 2002. (Def. Ex. K.2).  After learning that the BRCS was not permitted correctly, DEFS made plans to relocate the BRCS.  (Def. Ex. F.2).  Bruce Glasgow, a DEFS employee, met with the Plaintiffs on August 26, 2002 to discuss plans to relocate the BRCS.  (Def. Ex. C.9-C.10).  On

November 18, 2002, the BRCS was shut down.  (Def. Ex. L.1).

### II. Standard

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law."  FED. R. CIV. PRO. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact."  *Id*.  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

### III. Analysis

In support of its Motion for Summary Judgment (Doc. 35) Defendant argues that

Plaintiffs have failed to establish any of the elements of the tort of intentional infliction of emotional distress under New Mexico law. In order to establish a claim of intentional infliction of emotional distress, Plaintiffs must show: 1) the conduct in question was extreme or outrageous; 2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; 3) the plaintiff's mental distress was extreme and severe; and 4) there is a causal connection between the defendant's conduct and the claimant's mental distress. *Trujillo v. Northern Rio Arriba Elec. Coop., Inc.*, 131 N.M. 607, 616 (N.M. 2001); *see also, Hakkila v. Hakkila*, 112 N.M. 172, 182 (Ct. App. 1991). The failure of any one of the elements will defeat the claim. *Id.* at 617.

In support of their Motion for Summary Judgment, Defendant argues that Plaintiff cannot establish that Defendant's conduct was extreme and outrageous. The Restatement (Second) of Torts describes extreme and outrageous conduct as that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bound of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46 cmt. d. As a threshold matter, I must determine whether the conduct at issue may reasonably be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress. *See Padwa v. Hadley*, 127 N.M. 416 (N.M. 1999).

To qualify under the standard for establishing intentional infliction of emotional distress, the recitation of the underlying facts to an average member of the community must arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" *Padwa*, 127 N.M. at 419. The conduct must be so extreme in degree as to "go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community." *Rodriguez v. America Online, Inc.*, 183 F.Supp.2d 1340, 1358 (D.N.M. 2001)(quoting *Dominguez v. Stone*, 97 N.M.

4

211, 214 (Ct. App. 1981).

The Court has accepted all well-supported factual allegations as true and construed them in the light most favorable to Plaintiff. However, the proffered evidence does not tend to show that Defendant's conduct rose to the level of being intentional or in reckless disregard of the Plaintiff. Defendants have provided the Court with evidence that, while DEFS knew the compressor station was creating distress for the Dearings, DEFS also made several efforts to lessen the level of noise coming from their facility. Defendant has therefore met its burden under the *Celotex* analysis and the burden shifts to Plaintiff to demonstrate a genuine issue for trial. *Celotex*, 477 U.S. at 323. Although Plaintiff argues that Defendant knew it was operating under an invalid permit, the exhibits cited by Plaintiff tend to show only that Defendant knew its operations were irritating to Plaintiff and that Defendant took steps to remedy this problem. Under these circumstances, Plaintiff has not shown that Defendant's conduct was so outrageous as to "go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community", *see Dominguez*, 97 N.M. at 214, Defendant's Motion should be granted.

### IV. Conclusion

Upon review of the evidence presented in this Motion for Summary Judgment, I have determined that Defendant is entitled to judgment as a matter of law on Plaintiffs' claim for intentional infliction of emotional distress. Accordingly, Defendant's Motion for Summary Judgment on this claim shall be **GRANTED**.

**IT IS SO ORDERED.**

**A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL**

**ISSUE.**

                                                                                                  **LESLIE C. SMITH**
                                                                                                  **UNITED STATES MAGISTRATE JUDGE**